**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CASCADES AV LLC

          Plaintiff,

      vs.

BELDEN INC.

        Defendant.

Civil Action No. 14-cv-4669

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGMENT

Plaintiff Cascades AV LLC ("Cascades") complains of Defendant Belden Inc. ("Belden") as follows:

## THE PARTIES

1.    Plaintiff Cascades is a Colorado limited liability company having a place of business at 500 Skokie Boulevard, Suite 250, Northbrook, Illinois. Cascades holds total legal ownership of and has standing to sue for infringement of U.S. Patent Nos. 6,330,033, entitled "Pulse Detector for Ascertaining the Processing Delay of a Signal," and 6,351,281, entitled "Delay Tracker," whose inventor is J. Carl Cooper (collectively, the "Cooper Patents"). Mr. Cooper is a renowned and prolific inventor of more than 75 patents in the field of audio and video technology. The Cooper Patents relate to improvements in ascertaining and correcting the processing delay of a signal that has become unsynchronized with other signals (such as when audio and video become unsynchronized), known generally as "lip sync error." Cascades is a subsidiary of Cascades Ventures, Inc., and was formed to help Mr. Cooper benefit from the licensing of his lip sync error correction inventions.

2.      Defendant Belden is a Delaware corporation having a principal place of business at 1 North Brentwood Boulevard, 15th Floor, St. Louis, Missouri 63105. Belden owns Grass Valley, whose Densité modular products and iControl products Cascades contends infringes the Cooper Patents as alleged below. Belden has previously and is presently making, using, selling, offering for sale, and/or importing into the United States products whose use infringes one or more claims of the Cooper Patents.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, e.g., 35 U.S.C. §§ 271, 281, 283-285. Subject matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a).

4.      Belden has transacted business by making, using, selling, or offering to sell and distributing products, in this judicial district, whose use violates the Cooper Patents. Accordingly, this Court has personal jurisdiction over Belden, and venue is proper in this Court under 28 U.S.C. § 1391(c) and/or 1400(b).

## FACTUAL BACKGROUND

5.      In 2012, Belden acquired Miranda Technologies, seller of the Densité modular products and iControl products. In 2014, Belden acquired Grass Valley and merged it with Miranda, renaming it Grass Valley.

6.      Belden and/or its predecessor in interest have been aware of the Cooper Patents since at least approximately March 21, 2012, the date of a Notice of Infringement sent to Miranda Technologies. The notice of infringement included representative claim charts demonstrating Miranda's infringement of the Cooper Patents, and listed several exemplary infringing product models. On November 20, 2012, another notice of

infringement was sent to Belden, again with representative claim charts demonstrating infringement and a list of exemplary infringing product models. Belden responded, without an acceptable explanation and without documentation, that its Densité and iControl lines do not infringe the Cooper Patents.

7.     The Densité modular products and iControl products allow users such as television networks to identify, detect, and correct lip sync error.

8.     Infringing Belden products include, but are not limited to, the following Densité modular products, alone and in conjunction with Belden's iControl products: ADX-3981, AMX-3981, EAP-3101, EAP-3901, FRS-3901, HCO-1822, HCO-3901, HLP-1801, XVP-3901, XVP-3901-DC, XVP-3901-DPI, XVP-3901-FS, XVP-3901-UC, and XVP-3901-XC. Some Densité modular products, such as the HLP-1801, can perform all infringing steps without iControl.

## COUNT I

## PATENT INFRINGEMENT OF THE '033 PATENT

9.     Cascades hereby incorporates paragraphs 1-8 above by reference.

10.     Belden has directly infringed at least one claim of the '033 patent through, among other activities, using its Densité modular products and iControl software at various trade shows in the United States, and, on information and belief, in testing.

11.     Belden has also knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '033 patent (such as its customers in this judicial district and throughout the United States).

12.     Belden's infringement of the '033 patent has been and continues to be willful and deliberate. Belden's "non-infringement" response misstated how its products

actually work. Belden refused to respond to attempts to make contact to discuss this misstatement.

13.    As a direct and proximate consequence of the infringement, Cascades has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

## COUNT II

## PATENT INFRINGEMENT OF THE '281 PATENT

14.    Cascades hereby incorporates paragraphs 1-13 above by reference.

15.    Belden has directly infringed at least one claim of the '281 patent through, among other activities, using its Densité modular products and iControl software at various trade shows in the United States, and, on information and belief, in testing.

16.    Belden has also knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '281 patent (such as its customers in this judicial district and throughout the United States).

16.    Belden's infringement of the '281 patent has been and continues to be willful and deliberate. Belden's "non-infringement" response misstated how its products actually work. Belden refused to respond to attempts to make contact to discuss this misstatement.

17.    As a direct and proximate consequence of the infringement, Cascades has been, is being and, unless such acts and practices are enjoined by the Court, will continue

to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cascades asks this Court to enter judgment against Belden and against its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

A.   An award of damages adequate to compensate Cascades for the infringement that has occurred, together with prejudgment interest from the date infringement of the Cooper Patents began and statutory costs;

B.   An award to Cascades of all remedies available under 35 U.S.C. § 284;

C.   An award to Cascades of all remedies available under 35 U.S.C. § 285;

D.   A permanent injunction prohibiting further infringement, inducement and contributory infringement of the Cooper Patents; and,

E.   Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Cascades demands a trial by jury on all issues so triable.

Dated:   June 20, 2014

Cascades AV LLC

By: /s/ Robert P. Greenspoon
Robert P. Greenspoon
FLACHSBART & GREENSPOON, LLC

333 North Michigan Avenue, Ste 2700
Chicago, IL  60601
T:  312-551-9500
F:  312-551-9501

**Attorney for Plaintiff**
**Cascades AV LLC**